# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

SHARON MITCHELL-WILKES                                              PLAINTIFFS

vs.                                              Civil Action No. 3:08-CV-663 HTW-LRA

GOVERNMENT EMPLOYEES INSURANCE.,
COMPANY and JOHN DOES 1-2                                            DEFENDANT

## ORDER DENYING REMAND

Before this court is a motion for remand [Docket No. 4] submitted by plaintiff Sharon Mitchell-Wilkes. Plaintiff, a citizen of the State of Mississippi, filed this lawsuit in the Circuit Court of Holmes County, Mississippi, and now pursuant to Title 28 U.S.C. § 1447(c)[1] asks this court to return the law suit there, arguing that this court does not have subject mater jurisdiction over the dispute under diversity of citizenship jurisdiction, Title 28 U.S.C. § 1332.[2] The defendants in this matter are Government Employees Insurance Company (hereinafter and a/k/a "GEICO") and John Does 1-2.

---

[1] Title 28 U.S.C. § 1447(c) provides in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[2] Title 28 U.S.C. § 1332(c)(1) provides in pertinent part: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business........"

Defendant GEICO is a foreign corporation qualified to do business in Mississippi.

In her motion, plaintiff asserts that because GEICO is qualifed to do business in Mississippi and therefore treated as a domestic corporation for state court venue purposes, GEICO should also be treated as a domestic corporation for diversity purposes when this court determines federal subject matter jurisdiction. This court disagrees.

Ample case law proclaims that "[f]or purposes of diversity jurisdiction, a corporation is not deemed a citizen of every state in which it maintains a business establishment." *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 316 (2006). "Rather, a corporation is deemed a citizen only of a state where it has been incorporated and of the state by which its has its principal place of business." *Id*. GEICO is incorporated in Maryland and its principle place of business is in Maryland. Since plaintiff is an adult resident citizen of Mississippi and defendant is a citizen of Maryland, complete diversity exists.

Plaintiff's next attack upon defendant's removal of this case to federal court is also pointless. Plaintiff argues that the John Doe defendants named in her complaint are possible residents of the State of Mississippi. Title 28 U.S.C. § 1441 (a) provides the easy answer: "[f]or the purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *Lundy v. Cliburn Truck Lines, Inc.*, 397 F. Supp. 2d 823 (S.D. Miss. 2005) ("[T]he unidentified defendants are disregarded in this diversity of citizenship analysis."); *Lizana v. Guidant Corp.*, 2004 U.S. Dist. LEXIS 27623, * 6 (S.D. Miss. 2004) ("For purposes of removal, the Court

disregards citizenship of defendants sued under fictitious names."); *Murphy v. AmSouth Bank*, 269 F. Supp. 2d 749, 750 (S.D. Miss. 2003) ("Since for purposes of removal the citizenship of John Doe defendants is disregarded, see 28 U.S.C. § 1441(a), there is and has been complete diversity of citizenship.").

Plaintiff is an adult resident citizen of Mississippi. Defendant GEICO is a citizen of Maryland. Complete diversity exists. No party disputes that this lawsuit features the requisite amount in controversy. Accordingly, this court holds that it has subject matter jurisdiction.

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's Motion to Remand is denied. The parties, within the next ten (10) days, are directed to schedule a case management conference with the assigned Magistrate Judge.

**SO ORDERED AND ADJUDGED**, this the 16th day of February, 2010.

> **s/ HENRY T. WINGATE**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**

Civil Action: 3:08-cv-663-HTW-LRA
Order Denying Plaintiffs' Motion to Remand